UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JEREMY L. TUTORA,

                                    Plaintiff,

                                                            3:19-CV-1221
v.                                                          (GLS/ML)

TRISTON CAMPBELL, Badge #0154,
also known as Officer T. Campbell,

                                    Defendant.
_____

APPEARANCES:                                OF COUNSEL:

Jeremy L. Tutora
   *Pro Se* Plaintiff
163 Schubert Street
Apartment 1L
Binghamton, New York 13905

SMITH, SOVIK, KENDRICK & SUGNET, P.C.        STEVEN W. WILLIAMS, ESQ.
   Counsel for Defendant
250 South Clinton Street, Suite 600
Syracuse, New York 13202

MIROSLAV LOVRIC, United States Magistrate Judge

<u>**ORDER and REPORT-RECOMMENDATION**</u>

        Currently before the Court, in this civil rights action filed by Jeremy L. Tutora

("Plaintiff") against Triston Campbell ("Defendant"), is Defendant's motion to dismiss for

failure to prosecute and to comply with discovery orders pursuant to Fed. R. Civ. P. 37(b) and

Fed. R. Civ. P. 41(b), and Plaintiff's renewed motion for appointment of pro bono counsel.  (Dkt.

Nos. 51, 58.)  For the reasons set forth below, I recommend that Defendant's motion be granted,

and Plaintiff's motion be denied.

I.      **RELEVANT BACKGROUND**

On October 1, 2019, Plaintiff commenced this action by the filing of a Complaint along with a motion for leave to proceed *in forma pauperis* ("IFP").  (Dkt. Nos. 1, 2.)

Plaintiff's Complaint generally alleged claims against Defendant, a police officer, relating to an August 8, 2019, traffic stop.  (Dkt. No. 1.)  More specifically, Plaintiff alleged claims against Defendant, in his personal and official capacity, for: (1) excessive force in violation of the Fourth and Fourteenth Amendments and 42 U.S.C § 1983; and (2) illegal search and seizure in violation of the Fourth Amendment and 42 U.S.C. § 1983.  (*Id.*)  On January 23, 2020, I issued an Order and Report-Recommendation to United States Senior District Judge Gary L. Sharpe granting Plaintiff's motion to proceed *in forma pauperis* and recommended dismissal of some of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)(B).  (Dkt. No. 4.)  More specifically, I recommended that the Court dismiss Plaintiff's claims against Defendant in his official capacity as barred by the Eleventh Amendment and allow Plaintiff's claims against Defendant in his individual capacity.  (*Id.*)  On February 18, 2021, Judge Sharpe adopted the Order and Report-Recommendation in its entirety.  (Dkt. No. 5.)

On April 8, 2020, Defendant answered Plaintiff's Complaint, and the Court set a Rule 16 telephone conference for June 17, 2020.  (Min. Entry dated 5/29/2020; Dkt. No. 14.)  On June 17, 2020, the Court held the initial Rule 16 telephone conference, but because both of the parties failed to file a civil case management plan and exchange mandatory disclosures, the Court rescheduled the Rule 16 conference to July 1, 2020. (Min. Entry dated 6/17/2020; Dkt. No. 17.)

Prior to the rescheduled Rule 16 conference on July 1, 2020, Plaintiff filed a notice of change of address and letter motions requesting an appointment of a pro bono counsel and an

amendment to his Complaint.  (Dkt. Nos. 18, 19, 20.)  On June 24, 2020, the Court denied both

motions.  (Dkt. No. 22.)

On July 1, 2020, the Court held the rescheduled Rule 16 telephone conference, but both

parties failed to appear.  (Min. Entry dated 7/1/2020.)  The Court then issued Text Order 33,

ordering both parties to file status reports by July 20, 2020, explaining why they failed to join the

July 1, 2020, Rule 16 telephone conference and further notifying them that the Rule 16 telephone

conference was again rescheduled for August 28, 2020.  (Dkt. No. 33.)  On July 2, 2020,

Defendant submitted letter responses in compliance with Text Order 33.  (Dkt. Nos. 32, 34.)  On

July 6, 2020, the Court's Text Order 33, which was issued to Plaintiff via regular mail, was

returned to the Court as undelivered.  (Dkt. No. 35.)

On July 27, 2020, the Court issued Text Order 37, ordering Plaintiff to comply with Text

Order 33 by filing a status report by August 7, 2020, and for him to explain why he failed to join

the July 1, 2020, telephone conference.  (Dkt. No. 37.)  Text Order 37 also notified him that the

Rule 16 telephone conference remained rescheduled for August 28, 2020.  (*Id.*)  On August 11,

2020, the Court issued Text Order 39 to Plaintiff via regular mail, stating that he failed to comply

with Text Orders 37 and 33 and again directing him to comply with those orders, this time by

August 24, 2020.  (Dkt. No. 39.)  Text Order 39 also again notified Plaintiff that the Rule 16

telephone conference remained scheduled for August 28, 2020.  (*Id.*; Min. Entry dated

8/11/2020.)

On August 28, 2020, the Court held the Rule 16 telephone conference as scheduled.

(Dkt. No. 40.)  Defendant appeared for the telephone conference, but Plaintiff did not.  (*Id.*)

During the telephone conference the Court set schedules and deadlines, including scheduling

another telephone conference for September 29, 2020, and an order to file status reports to the

Court by September 21, 2020.  (*Id.*)  Also, on August 28, 2020, the Court issued a Uniform

Pretrial Scheduling Order and Text Order 41.  (Dkt. Nos. 41, 42.)  Text Order 41 stated that

Plaintiff failed to comply with Text Orders 39, 37, and 33, Plaintiff failed to appear at the

rescheduled August 28, 2020, telephone conference, and directed him to comply with Text

Orders 39, 37, and 33 by September 14, 2020 in addition to explaining why he failed to appear at

the August 28, 2020, Rule 16 telephone conference.  (Dkt. No. 41.)  Text Order 41 also restated

the Court's prior order that was given during the Rule 16 conference for both parties to file a

status report by September 21, 2020, regarding the progress of discovery and set a telephone

conference for September 29, 2020.  (*Id.*)

On September 29, 2020, Defendant filed a status report stating that Defendant had served

initial disclosures on Plaintiff but Plaintiff had not served him with any discovery demands;

Plaintiff had not responded to Defendant's First Set of Interrogatories, Notice to Admit, or

Notice to Produce; and Plaintiff engaged Defendant in "repeated inappropriate and

unprofessional conduct" via e-mail.  (Dkt. No. 45.)  More specifically, Defendant stated:

> Plaintiff has still not served his initial disclosures.  I wrote to him on this, but he responded by explaining that he will not provide anything above and beyond his Complaint.
>
> I served Defendant's First Set of Interrogatories, Notice to Admit[,] and Notice to Produce on [P]laintiff on August 10, 2020.  Plaintiff has not yet served responses, and the responses are now past due.
>
> I served Defendant's initial disclosures, and [P]laintiff has served no discovery demands on me.
>
> Plaintiff has engaged in repeated inappropriate and unprofessional conduct since the inception of this matter, that does not lend itself to furthering this matter along.  Plaintiff has accused me of representing "scum," of "teaming up" with other "white folks" against him, and of bullying him. Further, he apparently filed a grievance against me with the Attorney Grievance Committee where he alleged I am bullying him because I filed a counter suit against him in this matter.  I was not copied on this grievance, nor have I seen it.  I did, however, receive a copy of the

> Grievance Committee's correspondence to the [P]laintiff of September 8, 2020, which denied his claim.  The correspondence explained that he did not allege any conduct that would rise to a violation of the Rules of Professional Conduct. . . Plaintiff has also accused his doctors of lying about his treatment and injuries to stand "behind the cop."

(*Id*. at 1.)

The Court held an on the record telephone conference on September 29, 2020, as scheduled, and again, Defendant appeared but Plaintiff did not.  (Min. Entry 9/29/20.)  The Court then issued Text Order 47 stating that Plaintiff had failed to comply with four of its orders, including Text Orders 41, 39, 37, and 33, and that Plaintiff failed to join the scheduled September 29, 2020, telephone conference.  (Dkt. No. 47.)  Text Order 47 also ordered Plaintiff to serve his mandatory initial disclosures on Defendant; ordered Plaintiff to fully comply with his discovery obligations, including responding to Defendant's First Set of Interrogatories, Notice to Admit, and Notice to Produce; and notified Plaintiff that a telephone conference was scheduled for October 30, 2020.  (Dkt. No. 47.)

On October 30, 2020, the Court held an on the record telephone conference as scheduled. (Dkt. No. 48.)  Again, Defendant appeared, but Plaintiff did not.  (*Id*.)  The Court then issued Text Order 48, stating that Plaintiff had failed to comply with five of its orders: Text Orders 47, 41, 39, 37, and 33, continues to refuse to engage in discovery, and failed to file a response to the counterclaims brought by Defendant.[1]  (*Id*.)  The Court notified the Defendant that he may file any appropriate motions before November 30, 2020.  (*Id*., Dkt. No. 49.)

On November 18, 2020, Plaintiff filed a letter "in response to" mail received about the hearing scheduled for October 30, 2020.  (Dkt. No. 50.)  In his letter, Plaintiff stated that his mail

---

[1]     The Court granted Defendant's motion to amend his answer to include counterclaims on September 9, 2020.  (Dkt. Nos. 38, 43.)  Defendant thereafter filed an amended answer with four counterclaims alleging Plaintiff defamed him.  (Dkt. No. 44.)  The clerk entered an order of default against Plaintiff on Defendant's counterclaims on December 16, 2020.  (Dkt. No. 54.)

was tampered with and that he "just received all of [his] legal mail . . ." that day, including mail for the telephone conference on October 30, 2020.  (Dkt. No. 50 at 1.)  Plaintiff further alleges Defendant has "been in contact and he has never mentioned any hearings as he has in the past . . ." (*Id*. at 1.)  Plaintiff also stated that he was being harassed by Defendant because Defendant served discovery disclosures papers on Plaintiff by pinning them to his door and Defendant responded to Plaintiff's e-mail to engage Plaintiff in discovery.  (*Id*. at 2, 6.)

On November 30, 2020, in compliance with the Court's October 20, 2020, order to file any appropriate motion by November 30, 2020, Defendant filed the instant motion to dismiss for lack of prosecution and failure to engage in discovery.  (Dkt. No. 51.)  In Defendant's memorandum of law in support of its motion to dismiss, Defendant argues that Plaintiff's Complaint should be dismissed for Plaintiff's failure to comply with multiple Court orders, failure to engage in discovery, and failure to prosecute.  (Dkt. No. 51 at 3.)

A hearing on Defendant's motion was initially set for January 7, 2021, and Plaintiff was to file a response by December 21, 2020.  (*Id*.)  On December 3, 2020, Defendant's motion to dismiss for lack of prosecution and failure to engage in discovery was referred to me, and *sua sponte* I extended the deadline for Plaintiff to respond to Defendant's motion to January 19, 2021, with any reply by Defendant due by January 25, 2021, and reset the hearing on the motion to February 5, 2021.  (Min. Entry 12/3/20; Dkt. No. 53.)

Plaintiff filed three separate documents with the Court on January 19, 2021, although none of which made any reference to Defendant's motion to dismiss for failure to prosecute. (Dkt. Nos. 57, 58, 59.)  One document is titled "Affidavit in Support of Order to Show Cause," is a form document which appears to have been filed in opposition to Defendant's request to enter a default judgment against Plaintiff as to Defendant's counterclaims.  (*See generally* Dkt. Nos. 52,

54, 55, 56.)  In this filing, Plaintiff argues that although he was served with a notice of default judgment by mail, he did not file an answer to Defendant's counterclaims because of "[m]ail delays to mail in [b]allots" and requests that the Court vacate the default judgment against him "[d]ue to mail issues [and] harassment."  (Dkt. No. 57.)  A second document filed on January 19, 2021, is a one-page police report that references vandalism to a vehicle.  (Dkt. No. 59.)  A third document is Plaintiff's motion for an appointment of counsel, which is also currently before the Court for review.[2]  (Dkt. No. 58.)

Apparently construing one of Plaintiff's three January 19, 2021, filings as a response in opposition to the motion to dismiss for failure to prosecute, on January 25, 2021, Defendant filed a memorandum of law in further support of his motion.  (Dkt. No. 61.)  In the memorandum of law, Defendant argues that Defendant's motion was timely and properly filed on November 30, 2020, and Plaintiff has a "pattern" of failing to appear for Court conferences, adhering to Court ordered discovery, and failing to serve responses to Defendant's discovery motions.  (*Id*.)  Defendant also argues that Plaintiff has not offered any justification for his violations of Court orders or failing to engage in discovery practice, Plaintiff remains in violation of multiple Court orders, and Plaintiff does not dispute this motion because his opposition is "devoid of any legal or factual argument[s] . . . ," and instead of responding to Defendant's motion, Plaintiff submits an application for default judgement.  (*Id*.)  Defendant's motion seeks dismissal with prejudice of Plaintiff's Complaint.  (*Id*.)

---

[2]      This is Plaintiff's second motion for appointment of counsel with the first motion being denied on June 24, 2020.  (Dkt. Nos. 18, 22.)

On February 4, 2021, in light of Plaintiff's status as a *pro se* litigant, the Court again *sua sponte* extended the time for Plaintiff to respond to Defendant's motion to dismiss to February 25, 2021.  (Dkt. No. 62.)

On February 25, 2021, Plaintiff filed "PLAINTIFF'S AFFIDAVIT/AFFIRMATION IN OPPOSITION TO DEFEDNANT'S MOTION TO DISMISS/ENTRY OF DEFAULT/FAILURE TO DISCLOSE."[3]  (Dkt. No. 63.)  In this filing, Plaintiff argues that (1) he has "direct hard evidence of Officer [] Campbell[']s use of force even on body camera," (2) he did not receive his mail for three weeks, (3) he was not in denial of any motions submitted by the defense, (4) he and the defense attorney have been in close contact and he received the disclosure forms sent by the Defendant, (5) he has been moving around for fear of Officer Campbell who "was outside before me [in] a [b]lack Charger Dodge, pointing at me," and (6) he is still seeking legal assistance to help him deal with the motions that Defendant has filed.  (*Id.*)

On March 22, 2021, the Court issued Text Order 64, ordering Plaintiff to, on or before April 2, 2021: (1) comply with Text Orders 47, 41, 39, 37, and 33; (2) serve his mandatory initial disclosures on Defendant; and (3) fully comply with his discovery obligations, including responding to Defendant's First Set of Interrogatories, Notice to Admit, and Notice to Produce. (Dkt. No. 64.)  The Court specifically cautioned Plaintiff that "**FAILURE TO COMPLY WITH THIS TEXT ORDER MAY RESULT IN SANCTIONS BEING IMPOSED PURSUANT TO FED. R. CIV. P. 37, INCLUDING DISMISSAL OF THE CASE.**"  (*Id.*)

---

[3]     Plaintiff also appears to be asking the Court for electronic service of process and appears to indicate a new mailing address.  (Dkt. No. 63 at 6.)  However, he fails to file a new notice of change of address with the Court and in his most recent filing before this Court indicated the same return address as has been on file with the Court since his original notice of new mailing address.  (*See generally* Dkt. Nos. 57, 20.)  Therefore, the Court has no indication or reason to believe his mailing address was inaccurate until February 25, 2021, when Dkt. No. 63 was filed.

(emphasis in original.)  The Court ordered Defendant to file a status report by April 5, 2021, advising whether Plaintiff has fully complied with his discovery obligations.  (*Id*.)  On April 6, 2021, the Court issued Text Order 65 directing Defendant to comply with Text Order 64 on or before April 9, 2021.  (Dkt. No. 65.)  On April 13, 2021, the Court issued Text Order 66 directing Defendant to comply with Text Orders 65 and 64 on or before April 19, 2021.  (Dkt. No. 66.)  On April 14, 2021, Defendant filed a status report stating that Plaintiff has not fully complied with his discovery obligations.  (Dkt. No. 67.)  More specifically, Defendant states that Plaintiff has not served initial disclosures or responded to Defendant's First Set of Interrogatories, Notice to Admit, or Notice to Produce.  (*Id*.)  Defendant also filed a Certificate of Service that he served Plaintiff the status report by regular mail to the mailing address on file with the Court.  (Dkt. No. 68.)

To date, the Court has not received a response to Text Order 64 from Plaintiff.  (*See generally* docket sheet.)

## II.    GOVERNING LEGAL STANDARD

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, order dismissal of an action based on a plaintiff's failure to prosecute or comply with an order of the court.[4]  Fed. R. Civ. P. 41(b); *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014); *Rodriguez v. Goord*, 04-CV-0358, 2007 WL 4246443, at *2 (N.D.N.Y. Nov. 27, 2007)

---

[4]    Although Rule 41(b) grants a defendant leave to move for dismissal based on a plaintiff's failure to prosecute or comply with a court order (rather than grant the court explicit authority to dismiss *sua sponte*), "courts retain the 'inherent power' to *sua sponte* 'clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief.'"  *Rodriguez v. Goord*, 04-CV-0358, 2007 WL 4246443, at *2 (N.D.N.Y. Nov. 27, 2007) (Scullin, J.) (quoting *link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).  Indeed, the local rules of this Court recognize this authority and mandate that the Court exercise it under certain circumstances.  *See, e.g.*, N.D.N.Y. L.R. 41.2(a).

(Scullin, J. adopting report and recommendation by Lowe, M.J.). That discretion should be exercised when necessary to "achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). However, it should be exercised with caution and restraint because dismissal is a particularly harsh remedy, especially when invoked against a *pro se* plaintiff. *Baptiste*, 768 F.3d at 216-17.

A determination of whether to dismiss an action pursuant to Rule 41(b) is informed by consideration of the following five specific factors:

> (1) the duration of the plaintiff's failure to comply with court orders; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in a fair chance to be heard; and (5) whether the imposition of sanctions less drastic than dismissal is appropriate.

*Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (citing *Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir. 1994); *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988)); *Shannon v. Gen. Elec.Co.*,186 F.3d 186, 193-94 (2d Cir. 1999); *Lebarron v. Warren Cnty. Sheriff's Office*, 13-CV-1572, 2016 WL 2621796, at *4, n.3 (N.D.N.Y. Apr. 6, 2016) (Hummel, M.J.) (quoting *Barney v. Consol. Edison Co. of New York*, 99-CV-0823, 2006 WL 4401019, at *16 (E.D.N.Y. July 19, 2006)) ("'[C]ourts consider the same factors applicable to Rule 41(b) when considering dismissal pursuant to Rule 37.'"), *report and recommendation adopted*, 2016 WL 2636293 (N.D.N.Y. May 6, 2016) (Suddaby, C.J.).

Rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure authorizes the court to dismiss an action for failure to comply with a discovery order. The imposition of sanctions under Rule 37 is within the discretion of the district court, and the sanction of dismissal is a harsh remedy to be used "only in extreme situations." *Bobal v. Rensselaer Polytechnic Institute*, 916 F.2d 759, 764 (2d Cir. 1990). In order to impose such a severe sanction, the court must find

willfulness, bad faith, or fault on the individual from whom discovery is sought.  *Bobal*, 916 F.2d at 764.  "Non-compliance may be deemed willful when the court's orders have been clear, when the party has understood them, and when the party's non-compliance is not due to factors beyond the party's control.  In addition, a party's persistent refusal to comply with a discovery order presents sufficient evidence of willfulness, bad faith or fault."  *Handwerker v. AT&T Corp.*, 211 F.R.D. 203, 209 (S.D.N.Y. 2002) (internal citations and quotation marks omitted).  The party in question, particularly a *pro se* litigant, must have had prior notice that violation of the court's order would result in dismissal with prejudice.  *Simmons v. Abruzzo*, 49 F.3d 83, 88 (2d Cir. 1995).

This Court's local rules require that "[a]ll attorneys of record and *pro se* litigants immediately notify the Court of any change of address."  N.D.N.Y. L.R. 10.1(c)(2) (emphasis omitted).  As one court has observed

> [i]t is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany Cnty. Corr. Facility Staff*, 95-CV-1525, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (Pooler, J.) (quoting *Perkins v. King*, 84-3310, 1985 U.S. App. LEXIS 31736, at *4 (5th Cir. Mar. 19, 1985)).

### III.    ANALYSIS

After carefully evaluating the relevant controlling factors pursuant to Fed. R. Civ. P. 37(b) and Fed. R. Civ. P. 41(b), I find that they weigh in favor of dismissal of this case.

"It is plaintiff's obligation to move his case to trial, and should he fail to do so in a reasonable manner, his case may be dismissed . . . Dismissal is warranted where there is a lack of due diligence in the prosecution of the lawsuit by plaintiff." *West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990); *see, e.g.*, *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982); *Messenger v. United States*, 231 F.2d 328, 331 (2d Cir. 1956); *Charles Labs, Inc. v. Banner*, 79 F.R.D. 55, 57 (S.D.N.Y. 1978).

Here, Plaintiff has both willfully failed to appear at his scheduled telephone conferences and failed to comply with numerous Court orders.  More than nine months have passed since the Court issued the initial Uniform Pretrial Scheduling Order on August 28, 2020, and Plaintiff has failed to comply with *any* of his discovery obligations.  (Dkt. No. 42.)  Despite repeated rescheduled telephone conferences and deadline extensions to Court orders, which were allowed on account of Plaintiff's *pro se* status, Plaintiff failed to appear for telephone conferences scheduled on July 1, 2020, August 28, 2020, September 29, 2020, and October 30, 2020, and nine Court orders, including Text Orders 33, 37, 41, 47, 48, 49, 64, 65, and 66.  (Min. Entries dated 7/1/2020, 9/29/20; Dkt. Nos. 33, 37, 40, 41, 47, 48, 49, 64, 65, 66.)  In these Text Orders, the Court repeatedly (1) notified Plaintiff of his failure to comply with previous Text Orders, (2) notified of him of his failure to join scheduled telephone conferences, (3) directed him to serve his mandatory initial disclosures on Defendant, (4) directed him to fully comply with his discovery obligations, including responding to Defendant's First Set of Interrogatories, Notice to Admit, and Notice to Produce, and (5) notified him that a telephone conference was rescheduled.

(*Id.*)  In addition, in Text Order 64, the Court admonished Plaintiff that "**FAILURE TO COMPLY WITH THIS TEXT ORDER MAY RESULT IN SANCTIONS BEING IMPOSED PURSUANT TO FED. R. CIV. P. 37, INCLUDING DISMISSAL OF THE CASE.**"  (Dkt. No. 64.)

In Plaintiff's November 18, 2020, letter motion, he states that his mail had been tampered with or was otherwise delayed.  (Dkt. No. 50.)  While Text Order 33 was returned undelivered, the Court's records show that Text Order 33, along with all other prior orders, were mailed to the address provided by Plaintiff.  (*See generally* docket sheet.)  Significantly, in Plaintiff's November 18, 2020, motion, he includes photographs of documents served on him by Defendant and other e-mail communications with Defendant's counsel regarding his discovery obligations.  (Dkt. No. 50.)  To be sure, it is incumbent upon Plaintiff—not the Court—to keep the Court apprised of their address.  (N.D.N.Y. L.R. 10.1(c)(2) ("All attorneys of record and *pro se* litigants must immediately notify the Court of any change of address."); Dkt. Nos. 35, 50).  In brief, Plaintiff has not complied with any of the Court's numerous text orders or complied with any of his discovery obligations.  (*See generally* docket sheet.)  Plaintiff instead opted to file various letter motions, including those on November 2, 2020, and February 25, 2021.  (Dkt. Nos. 50, 63.)  Plaintiff filed these letter motions while disregarding the Court's orders that directed him to serve his mandatory initial disclosures on Defendant and fully comply with his discovery obligations, including responding to Defendant's First Set of Interrogatories, Notice to Admit, and Notice to Produce.  (Dkt. Nos. 33, 37, 41, 47, 48, 49, 64, 65, 66.)  To date, Plaintiff has failed to comply with *any* of the Court's orders or engage in any discovery with Defendant.  (*See generally* docket sheet.)

Plaintiff's failure to prosecute this action has a substantial injurious effect on the litigation, and based on the length of his absenteeism and disregard for the Court's straight forward orders, the Court does not believe there is any end to Plaintiff's inaction in sight. Plaintiff's case cannot go forward without his participation in the discovery process, particularly when the crux of Plaintiff's case is based on the claim that Defendant used excessive force against him given the circumstances.  (Dkt. No. 1.)  Notably, Plaintiff is certainly aware of how to participate in this action, as he has filed numerous letter motions since the inception of his case, and in one instance, filed a notice of change of address.  (Dkt. Nos. 20, 50, 63.)  Despite Plaintiff's awareness of his responsibility, he has failed to participate in telephone conferences, comply with the Court's orders, or engage Defendant in discovery.  (Min. Entries dated 7/1/2020, 9/29/20; Dkt. Nos. 33, 37, 40, 41, 47, 48, 49, 64, 65, 66.)

Given Plaintiff's manifest disinterest in pursuing his claims in this action, I find that the need to alleviate congestion in the Court's docket and the prejudice to Defendant's ability to defend against the claims asserted by Plaintiff outweigh Plaintiff's interest in receiving any further opportunity to be heard in this matter.  As set forth above in Part I. of this Order and Report-Recommendation, Plaintiff has been provided numerous opportunities and received numerous extensions to participate in telephone conferences, comply with the Court's orders, and engage in the discovery process.  (Dkt. Nos. 33, 37, 41, 47, 48, 49, 64, 65, 66.)

Therefore, the Court finds that (1) Plaintiff has failed to comply with the Court's (a) scheduled telephone conferences (Min. Entries dated 7/1/2020, 9/29/20; Dkt. Nos. 40, 48), and (b) numerous text orders (Dkt. Nos. 33, 37, 41, 47, 48, 49, 64, 65, 66), (2) Plaintiff was on notice that his failure to comply could result in dismissal (Dkt. No. 64), (3) Defendant is likely to be prejudiced by further delay in these proceedings, given Plaintiff's failure to attend telephone

conferences and engage in discovery, (4) the Court's interest in managing this docket weighs in favor of dismissal, and (5) no sanctions less than dismissal would be appropriate in this instance.

The Court is mindful that dismissal is a harsh sanction that is only used if no lesser sanctions are appropriate.  *See Securities and Exchange Comm'n v. Razmilovic*, 738 F.3d 14, 24-25 (2d Cir. 2013) (quoting *Southern New England Tel. Co. v. Global NAPs, Inc.*, 624 F.3d 123, 144 (2d Cir. 2010)) (dismissal for a disobedient plaintiff or default in the case of a disobedient defendant should be ordered only when the district judge has considered lesser sanctions).  In addition, no sanction should be imposed without giving the disobedient party notice of the particular sanction "and an opportunity to be heard in opposition to its imposition."  *Razmilovic*, 738 F.3d at 24.

As required, I have considered less-drastic sanctions, but they are as ineffective as they are inappropriate given Plaintiff's conduct.  The Court notes that Plaintiff is proceeding *in forma pauperis*, and based on the representations Plaintiff made in connection with his application to proceed *in forma pauperis*, it is unlikely that he would be able to afford a monetary sanction.[5] Therefore, I find that monetary sanctions would be ineffective.

Also, I am persuaded that issuing an order reprimanding Plaintiff for his conduct would be futile, given that such an order would, in all likelihood, be ignored by Plaintiff due to his disregard for prior Court text orders.  (Min. Entries dated 7/1/2020, 9/29/20; Dkt. Nos. 33, 37, 40, 41, 47, 48, 49, 64, 65, 66.)

---

[5]     The Court notes that pursuant to Fed. R. Civ. P. 37(d)(3), the Court "must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Defendant has not submitted any costs nor requested an award of expenses. (*See generally* Dkt. No. 51.)  As a result, the Court is unable to make any determination at this juncture whether such an award would be unjust.

Based on careful consideration of the foregoing relevant factors, I conclude that dismissal of Plaintiff's Complaint is warranted pursuant to Fed. R. Civ. P. 37(b) and Fed. R. Civ. P. 41(b). *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 626 (1962) (dismissing the plaintiff's action for failure to prosecute); *Chira v. Lockheed Aircraft Corp.,* 634 F.2d 664 (2d Cir.1980) (delay of six months in completing discovery and proceeding to trial justifies dismissal under Rule 41(b)); *Cucurillo v. Schulte, Bruns Schiff Gesellschaft, M.B.H.,* 324 F.2d 234 (2d Cir.1963) (dismissing for one year of inactivity); *Harrelson v. United States,* 613 F.2d 114 (5th Cir.1980) (dismissing after 22 months was deemed "significant inactivity"); *Handwerker*, 211 F.R.D. at 210 (finding that failure to provide discovery or respond to proposed dates for deposition for "over nine months" weighed in favor of dismissal); *Abreu v. City of New York*, 208 F.R.D. 526, 527 (S.D.N.Y. 2002) (finding that failure to provide adequate discovery "for over a year" weighed in favor of dismissal);.

## IV.   PLAINTIFF'S RENEWED MOTION FOR APPOINTMENT OF PRO BONO COUNSEL

Also before this Court is Plaintiff's renewed motion for appointment of pro bono counsel. (Dkt. No. 58.)  On June 22, 2020, Plaintiff filed his first motion for appointment of pro bono counsel.  (Dkt. No. 18.)  By Decision and Order filed on June 24, 2020, this Court denied the first motion for appointment of pro bono counsel without prejudice, stating in relevant part

> Upon review, and with due consideration of the factors identified by the Second Circuit in *Hodge*, the Court finds that appointment of pro bono counsel is not warranted at this time.  The issues in dispute in this action— whether Triston Campbell ("Defendant") used excessive force against Plaintiff and conducted an illegal search or seizure—are not overly complex. In addition, upon review of the record, it appears to the Court as though, to date, Plaintiff has been able to effectively litigate this action. The Court is also mindful, as the Second Circuit has admonished that it must be, of the scarcity of volunteer lawyers and the need to allocate that resource with utmost care. *See Cooper v. A. Sargenti Co., Inc.*, 877 F.2d

170, 172 (2d Cir. 1989) (noting that "[v]olunteer lawyer time is a precious commodity.").

(Dkt. No. 18 at 2-3.)  On January 19, 2020, Plaintiff filed this second motion for appointment of pro bono counsel.  (Dkt. No. 58.)  This case is not ready for trial, but in deference to Plaintiff's *pro se* status, the Court will review the merits of his second motion for appointment of counsel.

It is well-settled that there is no constitutional right to appointed counsel in civil cases. Although the Court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see, e.g., Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion.  *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984).  As a threshold matter, the court should ascertain whether the indigent's claims seem likely to be of substance.  *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994).  Even if the Court were to assume that in this case Plaintiff's position seems likely to be of substance, the Court must also

> consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id*. (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986)).  "This is not to say that all, or indeed any, of these factors are controlling in a particular case.  Each case must be decided on its own facts."  *Hodge*, 802 F.2d at 61.  Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party.  *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997).  Instead, a number of factors must be carefully considered by the court in ruling upon such a motion.

Here, the relevant factors weigh decidedly against granting plaintiff's motion at this time. The Court finds as follows: (1) the case does not present novel or complex issues; (2) it appears to the Court from the Plaintiff's Complaint and letter motions, to date, Plaintiff has been able to effectively litigate this action, while at the same time failed in joining telephone conferences and respond to text orders; (3) while it is possible that there will be conflicting evidence implicating the need for cross-examination at the time of the trial, as is the case in many actions brought under 42 U.S.C. § 1983 by *pro se* litigants, "this factor alone is not determinative of a motion for appointment of counsel," *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (McAvoy, J.), and the case is not trial ready at this time; and (4) the Court is unaware of any special reasons why appointment of counsel at this time would be more likely to lead to a just determination of this litigation.

Accordingly, the application for appointment of pro bono counsel is denied without prejudice.

**ACCORDINGLY**, it is

**RECOMMENDED** that Plaintiff's Complaint (Dkt. No. 1) be **DISMISSED** in its entirety, pursuant to Fed. R. Civ. P. 37(b) and Fed. R. Civ. P. 41(b), based on his failure to prosecute and comply with this Court's orders and local rules of practice; and it is further

**RECOMMENDED** that Defendant's motion to dismiss for failure to prosecute and comply with discovery (Dkt. No. 51) be **GRANTED**; and it is further

**ORDERED** that Plaintiff's motion for appointment of counsel (Dkt. No. 58) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall file a copy of this Order and Report-Recommendation on the docket of this case and serve a copy upon the parties in accordance with the local rules.[6]

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: May 18, 2021
      Binghamton, New York

Miroslav Lovric
U.S. Magistrate Judge

---

[6]    The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).