**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JEREMY L. TUTORA,**

                                                          **3:19-cv-1221**
                              **Plaintiff,**              **(GLS/ML)**

                    **v.**

**TRISTON CAMPBELL,**

                              **Defendant.**
_____

## SUMMARY ORDER

On September 21, 2020, defendant Triston Campbell filed an

amended answer, which asserted four counterclaims alleging defamation

under New York law and seeking $1 million in damages against plaintiff *pro*

*se* Jeremy L. Tutora.  (Dkt. No. 44.)  That amended answer was served on

Tutora on October 14, 2020, (Dkt. No. 54, Attach. 3 at 2), but he failed to

answer within the time prescribed by the Federal Rules of Civil Procedure.

After moving to dismiss Tutora's complaint, (Dkt. No. 51), Campbell

sought a Clerk's entry of default with respect to his counterclaims, (Dkt.

No. 54), which was entered on December 18, 2020, (Dkt. No. 55).

Magistrate Judge Miroslav Lovric thereafter ordered Campbell to move for

a default judgment or file a status report within a fixed period of time.  (Dkt.

No. 56.)  In response to Judge Lovric's order, Tutora filed a document titled

"Affidavit in Support of Order to Show Cause to Vacate a Judgment and to

Restore to the Calendar."  (Dkt. No. 57.)  In an apparent effort to set aside

the Clerk's entry of default, Tutora alleged, among other things, that his

failure was because of "mail delays due to mail in ballots."  (*Id.*)  Tutora

also sought the appointment of counsel by separate motion, which motion

was eventually denied.  (Dkt. Nos. 58, 69.)

In compliance with Judge Lovric's order, Campbell ultimately moved

for a default judgment.  (Dkt. No. 60.)  Tutora, though he failed to respond

to the motion to dismiss his complaint, opposed Campbell's motion for

default judgment on his counterclaims, again arguing, among other things,

that his mail was delayed by weeks, and contending that, if he "defamed

[Campbell,] . . . it was for a reason."  (Dkt. No. 63.)

Subsequently, Judge Lovric issued an Order and Report-

Recommendation (R&R), which, among other things, recommended

dismissal of Tutora's complaint for failure to prosecute and comply with

court orders and the Local Rules of Practice.  (Dkt. No. 69.)  This court

adopted the R&R and directed Campbell "to advise the court of his position

with respect to the motion [for default judgment] and his counterclaims in

light of" the court's order adopting the R&R. (Dkt. No. 70.) Campbell

complied by advising the court that he "will be moving forward with the

defamation claim[s]." (Dkt. No. 71.)

Pending before the court is Campbell's motion for default judgment.

(Dkt. No. 60.) Additionally, the court construes Tutora's response to that

motion and his January 19, 2021 filing, (Dkt. Nos. 57, 63), collectively, as a

motion to set aside the entry of default pursuant to Federal Rule of Civil

Procedure 55(c). For the reasons explained below, Tutora's motion is

granted and Campbell's motion is denied as moot.

Rule 55(c) permits the court to "set aside an entry of default for good

cause." On the issue of good cause, three factors — none of which are

dispositive — must be considered: "(1) the willfulness of the default; (2) the

existence of a meritorious defense to the defaulted claims; and (3)

prejudice to the non-defaulting party should relief be granted." *Peoples v.*

*Fisher*, 299 F.R.D. 56, 59 (W.D.N.Y. 2014) (citations omitted). With an eye

toward resolving disputes on the merits, "'[g]ood cause' should be

construed generously." *Id.* (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d

90, 96 (2d Cir.1993)).

Here, the good cause factors weigh in Tutora's favor. As a *pro se*

3

litigant the court is required to construe his submissions liberally. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). The filings before the court suggest, even if only slightly, that Tutora's mail was delayed beyond his control and that he may have a defense to the defamation counterclaims as evinced by his contention that he had "a reason." (Dkt. No. 63.) And, beyond the delay in the resolution of his counterclaims, there is no apparent prejudice to Campbell if the motion to vacate the default is granted. *See Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983) (explaining that delay alone is insufficient to establish prejudice). Accordingly, Tutora's motion to vacate default is granted, and Campbell's motion for a default judgment is denied as moot.

Accordingly, it is hereby

**ORDERED** that Tutora's motion to set aside default (Dkt. Nos. 57, 63) is **GRANTED** and the Clerk's Certificate of Entry of Default (Dkt. No. 55) is **VACATED**; and it is further

**ORDERED** that Campbell's motion for default judgment (Dkt. No. 60) is **DENIED** as moot; and it is further

**ORDERED** that Tutora shall serve a responsive pleading to the counterclaims within thirty (30) days of the date of this Summary Order;

4

and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

June 24, 2021
Albany, New York

Gary L. Sharpe
U.S. District Judge